# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-514


**BRITTAINEY HUNTLEY**

**VERSUS**

**21ST CENTURY PREMIER INSURANCE COMPANY, ET AL.**



\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 98440
HONORABLE J. BYRON HEBERT, DISTRICT JUDGE PRO TEMPORE

\*\*\*\*\*\*\*\*\*\*

**JOHN E. CONERY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Elizabeth A. Pickett, and John E. Conery, Judges.



**AFFIRMED.**

**Daniel G. Brenner**
**Megan M. Clark**
**Bolen, Parker, Brenner, Lee, & Englesman LTD.**
**A Professional Law Corporation**
**Post Office Box 11590**
**Alexandria, Louisiana 71315-1590**
**(318) 445-8236**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **21st Century Premier Insurance Company**

**Joseph F. Gaar, Jr.**
**Jason M. Welborn**
**Lucas S. Colligan**
**Jacob H. Hargett**
**Post Office Box 2053**
**Lafayette, Louisiana 70502**
**(337) 233-3185**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Brittainey Huntley**

**CONERY, Judge.**

21st Century Premier Insurance Company (21st Century) appeals the trial court's denial of a directed verdict on the type of surgery required by the plaintiff, Brittainey Huntley (Ms. Huntley) for injuries to her lumbar spine allegedly sustained through the fault of its insured Mrs. Lula Lene. 21st Century also appeals those portions of the unanimous jury verdict awarding Ms. Huntley special damages of $127,600.00 for future medical expenses for a lumbar laminectomy, discectomy, and fusion with instrumentation, general damages of $150,000.00 for past and future pain and suffering, and $100,000.00 for past and future mental and emotional anguish. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

A low impact motor vehicle accident occurred on March 28, 2013, in Abbeville, Louisiana, between the plaintiff, Ms. Huntley, and the defendant, Mrs. Lene, who is now deceased. There was slight damage to both vehicles, but neither party required medical treatment at the time of the accident. However, Ms. Huntley subsequently sought treatment for both cervical and lumbar spinal injuries she claimed were associated with the accident. She eventually had cervical spinal surgery and claimed she required future surgery on her lumbar spine.

Defendants stipulated that Mrs. Lene was 100% at fault for the accident and the case proceeded to trial on the issues of causation and damages. After a four day trial, the jury awarded Ms. Huntley general and special damages as follows:

| | |
|---|---|
| Past medical expenses | $30,700.00 |
| Future medical expenses | $127,600.00 |
| Past lost earnings | $22,000.00 |
| Past and future pain and suffering | $150,000.00 |
| Past and future mental and emotional anguish | $100,000.00 |
| Past and future disability | $25,000.00 |
| Past and future loss of enjoyment of life | $25,000.00 |

TOTAL                            $ 480,300.00

Defendants appealed only that portion of the jury's verdict pertaining to the $127,600.00 award of future medical expenses and the general damage awards of $150,000.00 for past and future pain and suffering and $100.000.00 for past and future mental and emotional anguish. Defendants did not appeal the remaining amounts awarded by the jury. The issue on appeal is whether Ms. Huntley required a lumbar laminectomy, discectomy, and fusion with instrumentation or simply a discectomy.

### *Directed Verdict*

At the close of the plaintiff's case in chief, 21st Century moved for a directed verdict on the type of surgery necessary to correct the problem with Ms. Huntley's lumbar spine allegedly caused by the fault of Mrs. Lene. 21st Century argued that Ms. Huntley failed to carry her burden of proof that she required a lumbar laminectomy, discectomy, and fusion with instrumentation, as opposed to a less serious and less expensive lumbar discectomy. The trial court promptly denied 21st Century's motion, and 21st Century proceeded with its case in chief.

At the close of 21st Century's case in chief, Ms. Huntley moved for a directed verdict on the basis that she had carried her burden of proof that she did require the more extensive and expensive surgery, a lumbar laminectomy, discectomy, and fusion with instrumentation, and not simply a lumbar discectomy. The trial court also denied Ms. Huntley's motion, and the issue was placed before the jury for a decision.

Counsel for both parties in their closing arguments extensively discussed the issue of what type of future surgery was appropriate for Ms. Huntley's lumbar spinal condition. The costs of each procedure were also extensively discussed by

2

opposing counsel, along with requested amounts appropriate to compensate Ms. Huntley for her past and future pain and suffering and mental anguish, depending on the extent of the surgical procedure required. At the close of counsel's final arguments, the jury was instructed by the trial court and retired to deliberate.

After one hour of deliberation, the jury returned with a unanimous verdict in favor of Ms. Huntley, which included future medical expenses of $127,600.00, the amount necessary for a surgery requiring a lumbar laminectomy, discectomy, and fusion with instrumentation, general damages of $150,000.00 for past and future pain and suffering, and $100,000.00 for past and future mental and emotional anguish. The award given by the jury for the future surgical procedure was supported by the testimony of Dr. Illyas Munshi, Ms. Huntley's treating neurologist. The general damage awards were suggested to the jury by Ms. Huntley's counsel in closing argument and reflected an amount that would compensate her for past and future pain and suffering and mental and emotional anguish in undergoing the more extensive surgical procedure, a lumbar laminectomy, discectomy, and fusion with instrumentation, along with general and special damages for her cervical fusion.

A judgment memorializing the jury's verdict was signed by the trial court on February 5, 2016, from which 21st Century now suspensively appeals.

## ASSIGNMENTS OF ERROR

21st Century assigns two errors on appeal:

**A.** The Trial Court committed **legal error** in denying a Motion for Directed Verdict made by the defendant/appellant at the conclusion of plaintiff's/appellee's case in chief, in which mover sought to exclude plaintiff's claim that a "fusion with instrumentation" surgery was proven to be needed by plaintiff, as opposed to a [discectomy] surgery.

3

**B.** The jury was **manifestly erroneous** in awarding wholly unsupported damages for future medical expenses and general damages, by awarding the amounts associated with a "lumbar fusion with instrumentation" procedure instead of the [discectomy].

## LAW AND DISCUSSION

### *First Assignment of Error - Directed Verdict*

21st Century first appeals the trial court's denial of a directed verdict made at the close of Ms. Huntley's case in chief, seeking "to exclude plaintiff's claim that a 'fusion with instrumentation' surgery was proven to be needed by plaintiff, as opposed to a [discectomy] surgery."

### *Standard of Review*

On appeal the standard of review for a directed verdict is *de novo. See Hall v. Folger Coffee Co.*, 03-1734 (La. 4/14/04), 874 So.2d 90. In *Carter v. Western Kraft Paper Mill*, 94-524, pp.4-5 (La.App. 3 Cir. 11/2/94), 649 So.2d 541, 544 (citations omitted), the court explained:

> [A] directed verdict should only be granted when the facts and inferences point so strongly in favor of one party that the court believes reasonable people could not reach a contrary verdict. It is appropriate, not when there is a preponderance of evidence, but only when the evidence overwhelmingly points to one conclusion. The propriety of granting a directed verdict must be evaluated in light of the substantive law underpinning the plaintiff's claims.

> Under the foregoing legal principles the question is not whether in our view the plaintiff has proven his case against defendants by a preponderance of the evidence, but rather, whether, upon viewing the evidence submitted, we conclude that reasonable people could not have reached a verdict in favor of the plaintiff against the defendants.

> . . . .

> Questions of credibility should not be resolved by a directed verdict. Making credibility evaluations is one of the primary duties of

4

a jury and the trial court may not take this duty from the jury unless the party opposing the directed verdict has failed to produce sufficient evidence upon which reasonable and fair-minded persons could disagree. Evaluations of credibility play no part in reaching a decision on a motion for directed verdict.

Louisiana Code of Civil Procedure Article 1810 provides that a litigant can move for a directed verdict in a jury trial "at the close of the evidence offered by an opponent[.]" In this case, counsel for 21st Century moved for a directed verdict at the close of Ms. Huntley's case in chief on the "issue of appropriately proven surgical procedure for Ms. Huntley."

***Testimony Presented in Ms. Huntley's Case in Chief***

Ms. Huntley presented the November 12, 2015 video trial deposition testimony of her treating physician, Dr. Munshi, in support of her claim that she required a lumbar laminectomy, discectomy, and fusion with instrumentation. Dr. Munshi testified that after a review of the November 6, 2014 MRI, referred to as the second MRI, there was evidence of a problem on the right side of L3-4, as well as the original problem on the left side of L3-4 shown on prior studies. This change in the condition of her lumbar spine indicated that bony material would have to be removed from both sides of the spine, thus increasing the chances that a surgical procedure requiring a lumbar laminectomy, discectomy and fusion with instrumentation would be necessitated. Dr. Munshi's opinion was corroborated by the changes noted to the right side of Ms. Huntley's L3-4 as evidenced in the second MRI as well as by her increased physical findings on repeat examinations.

21st Century's expert, Dr. William Brennan, was also called by video trial deposition in Ms. Huntley's case in chief. Dr. Brennan's June 6, 2014 Independent Medical Examination Report (IME) was attached as an exhibit to his video trial

5

deposition. In his IME, Dr. Brennan, based on his interpretation of the October 19, 2013 MRI, concluded that:

> The patient appears to have not responded to treatment of the nonsurgical variety for the left L3-4 lateral disk herniation, and my recommendation would be a far lateral [discectomy] at L3-4 on the left. There is no indication in the medical records that standing lumbar flexion and extension x-rays were ordered or performed. The L3-4 disk on the MRI scan is adequately hydrated, as are the other disk spaces. There is no evidence of any spondylolisthesis, and I do not feel there is any indication for lumbar fusion.

Dr. Brennan agreed with that portion of Dr. Munshi's initial recommendation that Ms. Huntley would require a discectomy at L3-4. However, Dr. Brennan was not asked by 21st Century and did not issue a revised IME addressing the issue of the additional problem on the right side of Ms. Huntley's L3-4 as shown on the November 6, 2014 MRI which he admittedly received on May 8, 2015.

When Dr. Brennan was questioned during his November 15, 2015 video trial deposition about the changes in Ms. Huntley's second MRI of her lumbar spine, counsel for Ms. Huntley objected based on the fact that Dr. Brennan had not been asked to update his initial report and comment on the second MRI. At trial, the trial court sustained the objection, and Dr. Brennan was not allowed to give an opinion based on an interpretation of the second MRI.

In fact, Dr. Brennan testified that without an MRI that was less than a year old, he would not perform any kind of lumbar surgery. There was nothing in the record to directly contradict Dr. Munshi's testimony that it was "more probable than not" that Ms. Huntley would require a lumbar laminectomy, discectomy, and fusion with instrumentation.

6

Ms. Huntley also submitted into evidence in her case in chief the August 19, 2015 IME of Dr. Curtis R. Partington with Independent Medical Reviews, LLC. Dr. Partington confirmed that Ms. Huntley's L3-4 disc herniation was present in both the September 11, 2013 CT scan and the October 19, 2013 MRI of the lumbosacral spine. He also found no "central spinal stenosis or right-sided foramen compromise." Dr. Partington did not review the second MRI, which was the first evidence of the newly developed problem with the right side of Ms. Huntley's L3-4.

Based on the record before the trial court at the close of Ms. Huntley's case in chief, we find no error in the trial court's ruling denying the directed verdict sought by 21st Century on the issue of the type of future surgical procedure required by Ms. Huntley.

***Assignment of Error Two - Jury Verdict***

21ST Century also appeals the jury's verdict awarding special damages for future medical expenses and general damages, "associated with a 'lumbar fusion with instrumentation' procedure instead of the discectomy."

***Standard of Review***

In *Hayes Fund For The First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain, LLC*, 14-2592, p. 8 (La. 12/08/15), 193 So.3d 1110, 1115-16, the Louisiana Supreme Court reiterated the duty of appellate courts in applying the manifest error review to cases on appeal and stated:

> In all civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard, which precludes the setting aside of a trial court's finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. *Cenac v. Public Access Water Rights Ass'n*, 02-2660, p. 9 (La. 6/27/03), 851 So.2d 1006, 1023. Thus, a reviewing court may

not merely decide if it would have found the facts of the case differently. *Hall v. Folger Coffee Co.*, 03-1734, p. 9 (La. 4/14/04), 874 So.2d 90, 98. Rather in reversing a trial court's factual conclusions with regard to causation, the appellate court must satisfy a two-step process based on the record as a whole: there must be no reasonable factual basis for the trial court's conclusion, and the finding must be clearly wrong. *Stobart v. State through Dept. of Transp. and Development*, 617 So.2d 880, 882 (La.1993).

This test requires a reviewing court to do more than simply review the record for some evidence, which supports or controverts the trial court's findings. The court must review the entire record to determine whether the trial court's finding was clearly wrong or manifestly erroneous. *Parish Nat. Bank v. Ott*, 02-1562, pp. 7-8 (La. 2/25/03), 841 So.2d 749, 753-54. The issue to be resolved on review is not whether the judge or jury was right or wrong, but whether the judge's or jury's factfinding conclusion was a reasonable one. *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989); *Canter v. Koehring Co.*, 283 So.2d 716, 724 (La.1973).

The record reflects that 21st Century did not present any medical evidence directly contradicting the medical evidence put before the jury in Ms. Huntley's case in chief, as previously discussed in our analysis of the trial court's denial of 21st Century's motion for directed verdict. The defendant's case in chief was primarily focused on their claim that Ms. Huntley's injuries could not have resulted from such a low-impact accident, in other words, medical causation. Defendants strongly argued to the jury that this low impact collision did not cause Ms. Huntley any serious injuries that would require surgery. However, 21st Century admitted in their briefing to this court on appeal that:

> [T]he issue of medical causation, [is] not the subject of this appeal. The pertinent evidence to this appeal is instead the testimony of both Dr. Brennan and Dr. Munshi, showing that (1) Mrs. Huntley's spine was not currently "unstable" and, (2) that she would **need** a lumbar discectomy in the future.

8

Hence medical causation is no longer the issue on appeal. Only the type of future surgery needed by Ms. Huntley and the damages associated therewith.

### *Future Medical Expenses*

The substantive law that governs Ms. Huntley's claims against Ms. Lene and 21st Century for the future medical expenses necessary to treat and compensate her for the injuries allegedly sustained in the accident was succinctly stated by the supreme court in *Menard v. Lafayette Ins. Co.*, 09-1869, pp. 12-13 (La. 3/16/10), 31 So.3d 996, 1006 (emphasis added):

> Under Louisiana law, a tort victim may recover past (from injury to trial) and future (posttrial) medical expenses caused by tortious conduct. Frank L. Maraist & Thomas C. Galligan, Jr., *Louisiana Tort Law* § 7.02[1], 7-5 (Michie 2009). The victim must, however, establish he incurred past medical expenses in good faith as a result of his injury and **future medical expenses will more probably than not be incurred**. *Stiles v. K Mart Corp.*, 597 So.2d 1012, 1012 (La.1992) (remanding for a determination of "an award for future medical expenses which the medical evidence established that plaintiff, more probably than not, will be required to incur"); Maraist & Galligan, *supra*, § 7.02[1], 7-5-7-6. A plaintiff shows the probability of future medical expenses with supporting medical testimony and estimations of their probable cost. *Smith v. Municipality of Ferriday*, 05-755, pp. 11-12 (La.App. 3 Cir. 2/1/06), 922 So.2d 1222, 1231, *writ denied*, 06-0934 (La. 9/29/06), 937 So.2d 860; *Highlands Ins. Co. v. Missouri Pacific R. Co.*, 532 So.2d 317, 324 (La.App. 3[] Cir. 1988), *judgment affirmed sub nom. Lee v. Missouri Pacific R. Co.*, 540 So.2d 287 (La.1989); *see also, Stiles*, 597 So.2d at 1012 (referring to future medical expenses established by medical evidence). Importantly, future medical expenses must be established with some degree of certainty. *Highlands*, 532 So.2d at 324.
>
> . . . .
>
> The proper standard for determining whether a plaintiff is entitled to future medical expenses is proof by a preponderance of the evidence the future medical expense will be medically necessary. *Hoskin v. Plaquemines Parish Gov't*, 97-0061 (La.App. 4 Cir. 12/1/97), 703

So.2d 207, 211, *writ denied*, 98-270, 98-271 ([La.] 4/3/98), 717 So.2d 1129.

In fulfilling the obligation required on review, *Menard* instructs that an appellate court must:

[D]o more than simply review the record for some evidence, which supports or controverts the trial court's findings. The court must review the entire record to determine whether the trial court's finding was clearly wrong or manifestly erroneous. *Guillory*, 09-0075 at p. 16, 16 So.3d at 1118; *Kaiser* [*v. Hardin*, 06-2092, p. 12 (La. 4/11/07), 953 So.2d 802,] 810. The issue to be resolved on review is not whether the jury was right or wrong, but whether the jury's fact finding conclusion was a reasonable one. *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989).

Notably, reasonable persons frequently disagree regarding the measure of damages in a particular case. *Guillory*, 09-0075 at pp. 15-16 So.3d at 1117. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. *Rosell*, 549 So.2d at 844. "Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable." *Canter*, 283 So.2d at 724. An appellate court on review must be cautious not to re-weigh the evidence or to substitute its own factual findings just because it would have decided the case differently. *Rosell,* 549 So.2d at 844.

*Id.* at 1007.

Dr. Munshi testified that he could not be 100% certain that a lumbar laminectomy, discectomy, and fusion with instrumentation would be required until he was able to conduct the surgery. However, he did testify that the fact that Ms. Huntley's medical condition had deteriorated and involved both the right and left side of L3-4 made it more probable than not that she would need a lumbar laminectomy, discectomy, and fusion with instrumentation, and recommended that more extensive and expensive surgery to her.

10

Dr. Brennan stated in his IME report that Ms. Huntley only required a surgical lumbar discectomy in order to alleviate her pain caused by the lumbar disc protrusion at L3-4 on the left side. However, as previously discussed, Dr. Brennan was not asked to render a supplemental report after receiving the second MRI and was thus precluded from giving his opinion on a surgical recommendation for Ms. Huntley in his video trial deposition based on her increased symptoms and new findings at L3-4 on the right side, as shown by the second MRI.

As discussed, the second MRI on November 6, 2014, demonstrated deterioration in Ms. Huntley's L3-4 lumbar spine with new findings at L3-4 on the right. This deterioration was the tipping point for Dr. Munshi's testimony that instead of a lumbar discectomy, Ms. Huntley would more likely than not require a lumbar laminectomy, discectomy, and fusion with instrumentation.

Dr. Munshi also testified in his video trial deposition as to the costs associated with the recommended surgical procedure of a lumbar laminectomy, discectomy, and fusion with instrumentation, and a breakdown of those costs was submitted into evidence as an exhibit to Dr. Munshi's video trial deposition:

**ITEMIZATION OF FUTURE MEDICAL EXPENSES**

**LUMBAR SURGICAL QUOTES:**

| | |
|---|---|
| Munshi | $40,000.00 |
| Instrumentation | $40,000.00 |
| LGMC | $35,000.00 |
| NeuroTech | $3,148.44 |
| Anesthesia | $9,000.00 |
| | **$127,548.44** |

11

The jury obviously found that the future medical expenses for the more extensive lumbar laminectomy, discectomy, and fusion with instrumentation surgery was necessary and they awarded a rounded off figure of $127,600 for future medical expenses.

Having reviewed the record in its entirety, we find that the jury's award of future medical expenses for the lumbar laminectomy, discectomy, and fusion with instrumentation is fully supported by the evidence and we affirm the jury's award of $127,600.00 for future medical expenses.

*General Damages for Past and Future Pain and Suffering/Past and Future Mental and Emotional Anguish*

The general damages awarded to Ms. Huntley, $150,000.00 for past and future pain and suffering, and $100,000.00 for past and future mental and emotional anguish, are the result of the jury's determination that Ms. Huntley required a lumbar laminectomy, discectomy, and fusion with instrumentation, the more expensive and extensive surgical procedure, with a longer recovery period, than the discectomy urged by 21st Century. In *Rando v. Anco Insulations, Inc.*, 08-1163, 08-1169, pp. 40-41 (La. 5/22/09), 16 So.3d 1065, 1094, the supreme court instructed:

> On review, an appellate court must be cautious not to re-weigh the evidence or to substitute its own factual findings just because it would have decided the case differently. *Ryan*, 988 So.2d at 219. Moreover, the initial inquiry must always be directed at whether the trier court's award for the particular injuries and their effects upon this particular injured person is a clear abuse of the trier of fact's great discretion. It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered either excessive, *Carollo v. Wilson*, 353 So.2d 249 (La.1977); *Schexnayder v. Carpenter*, 346 So.2d 196 (La.1977), or insufficient, *Olds v. Ashley*, 250 La. 935, 200 So.2d 1 (1967). Only after such determination of abuse has been reached, is a resort to prior

awards appropriate for purposes of then determining what would be an appropriate award for the present case.

21st Century's argument that the general damage awards made by the jury to Ms. Huntley are excessive is based entirely on its argument that Ms. Huntley needs only a discectomy rather than the more extensive lumbar surgery. We disagree. Having affirmed the jury's award of future medical expenses based on the need for the more extensive and expensive lumbar laminectomy, discectomy, and fusion with instrumentation, we also find no abuse of discretion of the jury's general damages award. The record supports a finding that Ms. Huntley's past medical treatment and the more extensive recovery period for her future surgery are commensurate with the appropriate exercise of the jury's discretion to award $150,000.00 for past and future pain and suffering, and $100,000.00 for past and future mental and emotional anguish, especially considering that she also underwent a cervical fusion in this case. We find no abuse of the jury's vast discretion in the jury's general damages award to Ms. Huntley.

## CONCLUSION

For the foregoing reasons we affirm the jury's verdict and the trial court's judgment signed on February 5, 2016, awarding special damages for future medical expenses in the amount of $127,600.00, general damages for past and future pain and suffering in the amount of $150.000.00, and general damages for past and future mental and emotional anguish in the amount of $100,000.00, in favor of Brittainey Huntley and against 21st Century Premier Insurance Company and Eula Lene. All costs of this appeal are assessed against 21st Century Premier Insurance Company.

**AFFIRMED.**

13