| TIMOTHY BLAKES | * | NO. 2021-CA-0572 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| HALLMARK SPECIALTY INSURANCE COMPANY AND GERMAINE DAVIS | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

**LOBRANO, J., DISSENTS AND ASSIGNS REASONS**

I respectfully dissent from the majority opinion. I find that the jury award of $50,000 for Mr. Blakes' past, present, and future physical pain and suffering was abusively low. As such, I would amend the district court judgment, and affirm as amended.

I disagree with the majority's determination that a reasonable jury could have reached such an award, considering the evidence presented at trial. Following many months of conservative treatment and complaints of significant, daily pain, Mr. Blakes underwent two substantial and serious surgeries, a two-level cervical fusion and total left hip replacement. The jury heard graphic physician testimony about the highly invasive nature of both surgeries. The jury also heard evidence that Mr. Blakes' condition had a pre-existing component, along with physicians' conflicting medical opinions as to the extent to which the accident exacerbated his condition. Even so, the jury specifically found at trial that Mr. Blakes proved that the motor vehicle crash was the cause in fact of his injuries, and the record does not reveal the jury believed otherwise.

I cannot agree with the majority's supposition that it is constrained by the results reached in *Wainwright v. Fontenot*, 00-0492 (La. 10/17/00), 774 So.2d 70 or *Harts v. Downing*, 19-0620 (La. App. 4 Cir. 6/24/20), 302 So.3d 102. I concur

1

in the analysis employed in both *Wainwright* and *Harts*, but both cases are highly distinguishable on their facts. I find nothing in either case that prevents this Court from finding the damages herein abusively low. *Wainwright* stands for the proposition that a $0 general damages award is not *per se* invalid or inconsistent with an award of compensable medical expenses. 00-0492, p. 11, 774 So.2d at 78. Under the highly unusual facts of *Wainwright*, plaintiffs incurred medical special damages for their son's hospitalization for a medication overdose, and the jury could have reasonably concluded that he sustained no lingering adverse effects beyond having spent a night in a hospital. *Id.*, 00-0492, p. 10-11, 774 So.2d at 77. *Harts* involved a jury determination of credibility, where the jury viewed photographs of a plaintiff participating in a second line parade while wearing a large headdress shortly before an appointment to undergo a cervical epidural steroid injection. 19-0620, p. 14, 302 So.3d at 113. This Court found an $8,000 past pain and suffering award reasonably supportable where the jury could have found the plaintiff "underwent periodic, though ultimately sporadic, [conservative, non-surgical] medical treatment related to the accident and that he was no longer in any substantial continued pain or experiencing any adverse changes to his lifestyle." *Id.*, 19-0620, p. 14-15, 302 So.3d at 113.

In the matter on appeal, however, I see no indication that the jury found Mr. Blakes' testimony incredible, his course of treatment unnecessary, or his injuries wholly unrelated to his accident. In fact, hearing the evidence at trial, jury awarded Mr. Blakes $263,000 in past medical expenses, finding those expenses related to the accident. The record reveals Mr. Blakes' significant complaints of pain and ongoing treatment leading up to two major surgeries. Even accounting for the success of those surgeries and to the extent the jury could have reasonably found that Mr. Blakes recovered substantially thereafter, the jury's award of $50,000 for physical pain and suffering obviously overlooks Mr. Blakes' pre-surgical pain and

2

the severity of the surgeries. Under the circumstances presented, the jury's pain and suffering award is simply not reasonably supported by the evidence or reflective of the nature of the injuries.

Without re-weighing any evidence or making any assessment as to credibility, I find – from a purely objective standpoint – that the jury's pain and suffering award is "beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff" such that the jury abused its discretion. *See Guillory v. Lee*, 09-0075, p. 16 (La. 6/26/09), 16 So.3d 1104, 1117 (quoting *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La. 1993)). "Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court." *Guillory*, 09-0075, p. 15, 16 So.3d at 1117 (citing *Wainwright*, 00-0492, p. 6, 774 So.2d at 74 and quoting *Coco v. Winston Indus.*, Inc., 341 So.2d 332, 334 (La. 1977)).

With respect to the two-level cervical fusion alone, my review of recent jurisprudence sets forth physical pain and suffering awards for similar injuries and treatment ranging from $150,000 to $450,000.[1] Raising Mr. Blakes' physical pain

---

[1] *See, e.g., Jackson v. Underwriters at Lloyd's of London*, 21-15 (La. App. 5 Cir. 9/29/21), 329 So.3d 1029, 1046, *writ denied*, 21-01591 (La. 1/12/22), 330 So.3d 617 ($150,000 past pain, suffering, and mental anguish/$50,000 future pain, suffering, and mental anguish - two-level cervical fusion recommended, second cervical fusion possible); *Fontenot v. UV Ins. Risk Retention Grp., Inc.*, 20-361 (La. App. 3 Cir. 4/14/21), --- So.3d ---, 2021 WL 1399874, *writ denied*, 21-00656 (La. 10/5/21), 325 So.3d 357 ($150,000 past, present, and future pain and suffering - three-level cervical discectomy and fusion; potential additional future surgery); *Collatt v. Boudreaux*, unpub., 19-103 (La. App. 3 Cir. 11/25/19), 2019 WL 6482247 ($50,000 past mental and physical pain and suffering/$50,000.00 future mental and physical pain and suffering/$40,000.00 permanent disability/$25,000 loss of enjoyment of life raised on appeal to $400,000 in total general damages - two-level cervical discectomy and fusion, lumbar surgery likely); *Huntley v. 21st Century Premier Ins. Co.*, 16-514 (La. App. 3 Cir. 11/2/16), 204 So.3d 1085, 1087 ($150,000.00 past, present, and future pain and suffering - cervical fusion performed, necessity of future lumbar surgery disputed); *Fontenot v. Stevens*, unpub., 16-277 (La. App. 3 Cir. 9/28/16), 2016 WL 5421262 ($150,000 past, present, and future physical pain and suffering increased to $450,000 past, present, and future physical and mental pain and suffering on JNOV - cervical fusion performed, lumbar fusion anticipated); *Kelley v. Gen. Ins. Co. of Am.*, 14-0180 (La. App. 1 Cir. 12/23/14), 168 So.3d 528 ($150,000.00 past physical pain and suffering/$55,000.00 future physical pain and suffering - two-level cervical fusion).

and suffering award to the lowest point as is reasonably within this Court's discretion, I would amend the judgment to award $150,000 in damages for past, present, and future physical pain and suffering, and I would affirm the district court's judgment as amended. Thus, for these reasons, I respectfully dissent.